WILLIAM J. CANDEE vs. THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY.

| 73 | 667 |
| 74 | 532 |

Third Judicial District, Bridgeport, April Term, 1901.

ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The trial judge may properly refuse to make immaterial changes in his finding of facts.

If the charge taken as a whole is not open to objection, error is not assignable as to its parts, separately.

A common carrier of live stock may limit its liability by special contract, but cannot exonerate itself from the duty of exercising ordinary care.

A shipper of cattle who undertakes to unload them himself, without notice to the carrier, and knowingly uses a defective chute, is himself guilty of negligence and cannot recover of the carrier for an injury to the cattle caused by such defect.

Argued April 18th—decided May 8th, 1901.

ACTION to recover damages for the loss of live stock through the claimed negligence of the defendant as a common carrier, brought originally before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the rulings, charge and findings of the court. *No error.*

The facts as they appear in the finding are· these : The plaintiff offered evidence tending to show, and claimed to have proved, that he delivered to the Erie Railroad Company at Callicoon, N. Y., on.the 8th day of March, 1898, a carload of cattle to be carried by it and connecting carriers to Milford, Conn. ; that said cattle were received by the defendant, as a connecting carrier, and transported to said Milford, being accompanied by the plaintiff ; that they arrived at Milford on the morning of March 10th, 1898, between four and five o'clock, and were unloaded by the plaintiff and his servants between six and seven o'clock the same morning ; that they were unloaded over a chute owned by the defendant and

found by the plaintiff on the premises of the defendant, thirty or forty feet from the railroad tracks, but obtained by the plaintiff, his servants and agents, of their own motion and without the directions, consent, or knowledge of the defendant or its agents; that the chute was found by the plaintiff to be defective, in that the bottom boards were rotten, and that therefore it was unsafe for the purpose of unloading cattle; that the plaintiff attempted to repair and strengthen the chute, and to make it suitable for such use, by blocking it up with railroad ties and plank; that he then used the chute to unload his cattle, and that the first one to be unloaded—the one for injury to which this suit is brought—broke through the bottom boards and was injured so as to be of no value, to the damage of the plaintiff $85; that the plaintiff filed a notice of claim for damages, a few days thereafter, with the defendant's agent; that the plaintiff received no bill of lading, nor receipt of any kind, when he shipped the cattle, and no written contract of any kind was entered into by the plaintiff with the initial, or any connecting, carrier, for the transportation of the said cattle, and that no freight rate was agreed upon for such transportation, and no freight charges were paid until the cattle arrived at Milford, when the same was paid by the plaintiff.

The defendant, on the other hand, claimed to have proved that the said cattle were shipped by the plaintiff under a written contract known as a "Uniform Live Stock Contract," by the terms of which the plaintiff, in consideration of a lower rate of freight, agreed, among other things, that he should at his own risk load and unload the said cattle; that the defendant had no knowledge of the time said cattle arrived at Milford, and had no opportunity to deliver them to the plaintiff; that no agent of the defendant was requested to, or had any opportunity to, assist in the matter of unloading the cattle, but that the plaintiff of his own choice undertook the business of unloading them, without the knowledge or consent of the defendant.

*Nehemiah Candee,* for the appellant (plaintiff).

Candee *v.* New York, N. H. & H. R. Co.

*Harry G. Day*, for the appellee (defendant).

ANDREWS, C. J.   Some of the plaintiff's assigned reasons of appeal are that the court refused to make such changes in the finding of facts as he requested.   We think there was no error in any of these.   The changes would not affect any question of law.

The plaintiff also objects to various parts of the charge which he points out.   Some of the parts, taken separately, might appear to be erroneous ; but we think the charge taken as a whole is not open to objection.   The court did charge as the plaintiff requested, as to its duty in unloading the cattle.   But in the same connection he told the jury that if they found the plaintiff had entered into the contract spoken of as the Uniform Live Stock Contract, then he could not recover.   He told the jury that a common carrier of live stock might limit its responsibility by special contract, if it did not extend to an exoneration of the carrier from the duty of exercising ordinary care.   We suppose this to be the law. *Welch* v. *Boston & A. R. Co.*, 41 Conn. 333 ; *Camp* v. *Hartford & N. Y. Steamboat Co.*, 43 id. 333, 340 ; *Coupland* v. *Housatonic R. Co.*, 61 id. 531, 538.   The contract in this case does not transgress this rule.

The court also told the jury that, irrespective of the said contract, if they found that the plaintiff, before daylight on the morning when the cattle arrived, undertook to unload his own cattle without notice to the defendant or its servants, and in so doing used a chute which he knew was defective, and one of his creatures was injured by reason of such defect, he could not recover of the defendant for such injury.   That would be an injury resulting from his own negligence.

There is no error.

In this opinion the other judges concurred.